UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALI A. AL KHEDRI, | ) |
| | ) |
| Petitioner, | ) 09 C 6483 |
| | ) |
| v. | ) Hon. Marvin E. Aspen |
| | ) |
| DANIEL J. SEDLOCK, Jr., Chief of Corrections, McHenry County Detention Center; RICARDO WONG, Director, Chicago Field Office, Immigration and Customs Enforcement; TIMOTHY WILLARD, Port Director, Customs and Border Protection; and JANET NAPOLITANO, Secretary, Department of Homeland Security, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Ali A. Al Khedri is currently in the custody of Immigration and Customs Enforcement, and an Order of Expedited Removal has been issued against him. His Emergency Petition for Habeas Corpus and Writ of Mandamus and Emergency Motion for Stay of Removal are before us. For the reasons discussed below, we dismiss the Petition for lack of subject matter jurisdiction.

I.  BACKGROUND

Al Khedri is a citizen of Yemen. (Emer. Pet. ¶ 12.) He married Peggy Nobles, a U.S. citizen, in April 2001, and has lived in the United States since then; they are still married. (*Id.* ¶ 18.) In late 2001 he obtained U.S. conditional permanent residence status. (*Id.* ¶ 19.) As required by law, Al Khedri and his wife filed a joint Petition to Remove the Conditions on Residence in 2003, which—if granted—would have made him a legal permanent resident. (*Id.*

1

¶ 20–21.) While that Petition remained pending, Al Khedri left for a trip to Yemen on March 15, 2009. (*Id.* ¶ 23.) He traveled with a temporary I-551 stamp in his passport, evidencing his status as a permanent resident. (*Id.*) On March 31, 2009, while Al Khedri was in Yemen, the U.S. Citizenship and Immigration Services ("CIS") notified him that they intended to deny his Petition, (*id.* ¶ 24), and they did so on May 27, 2009, based on the fact that his divorce certificate from a prior marriage appeared invalid, (*id.* ¶ 26). Al Khedri attempted to reenter the U.S. on or about August 25, 2009, at which time he was detained for expedited removal based on his status as an inadmissable alien. (*Id.* ¶¶ 28–29.) On October 14, 2009, he appeared before an immigration judge, who determined that he was not a lawful permanent resident and ordered the case returned to the Department of Homeland Security for his removal. (*Id.* ¶ 30.)

Al Khedri asks us to stay his expedited removal and order the Department of Homeland Security to initiate removal proceedings under 8 U.S.C. § 1229a. He makes two arguments. First, he claims he is entitled to habeas relief because he was improperly subjected to the expedited removal process under 8 U.S.C. § 1225. Second, he claims he is entitled to mandamus relief because he has a right to a review of the denial of his Petition to Remove the Conditions on Residence in a 1229a removal proceeding. We do not have jurisdiction over either request.

## II. DISCUSSION

Judicial review of expedited removal orders is governed by 8 U.S.C. § 1252. Section 1252(a)(2)(A) states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—
>
> > (I) except as provided in subsection (e) of this section, any individual determination or to entertain any cause or claim arising from or relating to

the implementation or operation of an order of removal pursuant to section 1225(b)(1) [expedited removal] of this title, [or]

(ii) except as provided in subsection (e) of this section, a decision by the Attorney General to invoke the provisions of such section, . . . .

8 U.S.C. § (a)(2)(A). Subsection (e) permits review through habeas corpus proceedings, but limited to "determinations of—

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed [by expedited order], and

© whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence . . . ."

8 U.S.C. § 1252(e)(2). When a court is determining "whether an alien has been ordered removed" under 1252(e)(2)(B), section 1252(e)(5) further limits review to only "whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. 1252(e)(5).

### A. Habeas

Except as provided in 8 U.S.C. § 1252(e), section 1252(a)(2)(A)(ii) prohibits our review of the government's decision to place Al Khedri in the expedited removal process. Under 1252(e) we may review only whether Al Khedri is an alien, whether he has been ordered removed (as limited by 1252(e)(5)), and whether he can prove he is a permanent resident. It is uncontested that Al Khedri is an alien.

#### 1. Ordered Removed

One district court outside our circuit has found jurisdiction under 1252(e)(2)(B) and 1252(e)(5) to review whether the expedited removal process was lawfully applied to a particular

alien. *American-Arab Anti-Discrimination Committee v. Ashcroft*, 272 F. Supp. 2d 650 (E.D. Mich. 2003). The court grounded this decision in section 1252(e)(5)'s language permitting judicial review of "whether [the removal order] relates to the petitioner," 8 U.S.C. §1252(e)(5), holding that an order does not "relate[] to" a petitioner if it was unlawfully applied to him. *AAADC*, 272 F. Supp. 2d at 663.

In contrast, at least two circuit courts have held that sections 1252(e)(2) and 1252(e)(5) preclude judicial review of whether the expedited removal process was lawfully applied to a particular alien. *Vaupel v. Ortiz*, 244 Fed. Appx. 892, 895 (10th Cir. 2007); *Brumme v. I.N.S.*, 275 F.3d 443, 447–48 (5th Cir. 2001); *see also Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008). The Tenth Circuit in *Vaupel* expressly disagreed with the district court in *AAADC*, stating that the "language of the statute clearly and unambiguously precludes review in a habeas proceeding of 'whether the alien is actually inadmissible or entitled to any relief from removal.'" 244 Fed. Appx. 892, 895 (quoting 8 U.S.C. § 1252(e)(5)).

We agree with the latter approach. Al Khedri has been ordered removed. He challenges not the existence of that order, but its legality. In essence, Al Khedri asks us to review the merits of his removal order, a task over which Congress has expressly foreclosed our jurisdiction. Consequently, we do not have jurisdiction under 8 U.S.C. § 1252(e)(2)(B) to review Al Khedri's claims.

### 2. *Proof of Lawful Permanent Resident Status*

Al Khedri also argues for jurisdiction under 1252(e)(2)(C). Subsection (e)(2)(C) gives courts jurisdiction to review "whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence . . . ." 8 U.S.C.

4

§ 1252(e)(2)©. Al Khedri argues that we have jurisdiction under 1252(e)(2)© to "determine whether his status was lawfully and finally terminated." (Pet'r Mem. at 3.) He claims that CIS's decision to revoke his conditional permanent resident status was not final, and therefore he retains the status of a permanent resident.

His argument flies in the face of another unambiguous statute. When the Attorney General revokes conditional permanent resident status, the status is revoked "as of the date of the determination." 8 U.S.C. § 1186a(c)(3)©; *see also* 8 C.F.R. § 1216.4(d)(2) ("The alien's lawful permanent resident status shall be terminated as of the date of the director's written decision."). Although the decision can be reviewed in the alien's removal proceedings, 8 U.S.C. § 1186a(c)(3)(D), the statute is clear that an alien does not retain permanent resident status pending such review. Accordingly, we see no way Al Khedri can prove that he is currently a lawful permanent resident and we cannot exercise jurisdiction under 1252(e)(2)©.

### B. Mandamus

Finally, Al Khedri asks us to find jurisdiction under 28 U.S.C. § 1361, the statute governing writs of mandamus. Section 1252(a)(2)(A)(I) of Title 8 expressly prohibits us from exercising mandamus jurisdiction under section 1361 "to entertain any cause or claim . . . relating to the implementation or operation of an [expedited] order of removal." Al Khedri's claim for mandamus relief relates primarily to the denial of his Petition to Remove the Conditions on Residence and his claimed right to review of that denial. He asks us to order the Department of Homeland Security to initiate a 1229a removal proceeding because in such a proceeding—unlike the 1225 expedited removal proceeding he has been subjected to—he would have the opportunity to challenge the denial of his Petition to Remove the Conditions on

Residence. His mandamus claim, however, also necessarily relates to "the implementation or operation of" his expedited removal order because it is the implementation and operation of that order that precludes the review he seeks. Thus, we do not have mandamus jurisdiction over his claim. Al Khedri's only avenue of review is through 8 U.S.C. § 1252(e), and as discussed above, we do not have jurisdiction under that section to grant the relief Al Khedri seeks.

### III. CONCLUSION

For the reasons discussed above, we dismiss Al Khedri's Emergency Petition for Habeas Corpus and Writ of Mandamus for lack of subject matter jurisdiction. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: October 20, 2009